UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SUSAN DELAUGHTER** | **CIVIL ACTION NO. 3:10-CV-0305** |
|     LA. DOC #495042 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, LOUISIANA CORRECTIONAL** | |
| **INSTITUTE FOR WOMEN** | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Susan Delaughter, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 24, 2010. Petitioner attacks her February 19, 2009, conviction for theft and the five year sentence imposed by the Fifth Judicial District Court, Franklin Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that her petition for habeas corpus [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state-court remedies prior to filing her suit; it is further recommended that her Motion to Hold Petition for Writ of *Habeas Corpus* in Abeyance [Doc. 2] be **DENIED.**

*Statement of the Case*

On February 19, 2009, petitioner pled guilty to a charge of theft and was sentenced to serve five years at hard labor. She did not appeal her conviction and sentence. Instead, on February 18, 2010, she filed an application for post-conviction relief in the Fifth Judicial District Court. That proceeding is apparently still pending. She signed the instant petition on February 17,

2010 [Doc. 1, p. 9]; she mailed it on February 19, 2010 [*Id.*, p. 11], and it was received and filed on February 24, 2010. She claims that (1) that the trial court erred in accepting her plea because she was under the influence of multiple prescriptive medications at the time she entered her plea; (2) ineffective assistance of counsel; (3) excessive sentence; (4) cumulative errors.

Petitioner admits that she did not exhaust available state court remedies prior to filing this suit and she asks the court to stay the instant proceedings in order that she might complete the exhaustion of state court remedies which she commenced by filing her application for post-conviction relief in the Fifth Judicial District Court on February 18, 2010.

Complicating matters is the fact that petitioner neither paid the filing fee nor applied for *in forma pauperis* status with respect to the instant petition, notwithstanding an order of the court on March 5, 2010 directing her to do so on or before April 5, 2010.

## *Law and Analysis*

As petitioner is aware, before seeking federal *habeas corpus* relief, state prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of her claims in each appropriate state court, including the state supreme court with the power of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). *Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528,

161 L.Ed.2d 440 (2005). As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Federal courts may raise *sua sponte* the lack of exhaustion. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998). See also *Tigner v. Cockrell*, 264 F.3d 521 (5th Cir.2001), *cert. denied*, 534 U.S. 1164, 122 S.Ct. 1177, 152 L.Ed.2d 120 (2002); *Shute v. Texas*, 117 F.3d 233 (5th Cir.1997).

Petitioner admits that she has yet to exhaust <u>ANY</u> of her federal Constitutional claims, and therefore the pending petition is subject to dismissal unless the Court determines that a stay is appropriate. *Rose v. Lundy, supra*. Based on the record currently before the Court, it appears that a stay is not appropriate for the following reasons:

First, the instant petition, unlike the petition in *Rhines*, is not a mixed petition containing some exhausted claims and some claims that were not exhausted and therefore, there are no claims to "hold in abeyance..." See *Tappin v. United States Dist. Ct.*, No. 1-05-CV-00190-TAG, 2008 WL 686555 at *8 (E.D.Cal. Mar.11, 2008) (holding that federal court must dismiss a completely unexhausted *habeas* petition); *Dollar v. Rogers*, No. 05-5594(RBK), 2007 WL 2990663 at *11 (D.N.J. Oct.9, 2007) (holding that *Rhines* is not directly applicable where

federal writ is not a "mixed petition" and none of petitioner's claims are properly exhausted); *Baldonado v. Elliott*, No. CV-05-3136-PHX-SMM, 2006 WL 1698138 at *7 (D.Ariz. Jun.15, 2006) (stay not appropriate because petitioner did not exhaust any claims and "there are no claims for the Court to hold in abeyance").

     Second, it does not appear that petitioner necessarily "run[s] the risk of forever losing [her] opportunity for any federal review of [her] unexhausted claims... " (*Rhines* at 275, 125 S.Ct. 1528) should this Court deny her motion for stay. Petitioner is, of course, aware of the 1-year limitations period imposed by 28 U.S.C. §2244(d). That period generally runs from the date that the conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking further direct review. Petitioner did not appeal her conviction and sentence and therefore her judgment of conviction became final by the "... expiration of the time for seeking such review..." when the delays for filing a motion for appeal lapsed. Under Louisiana law, petitioner had 30 days following the imposition of sentence within to move for her appeal (see La. C.Cr.P. art. 914(B)) and therefore the 1-year period of limitations commenced when that 30-day period lapsed, or on or about March 21, 2009. By the time she filed her currently pending application for post-conviction relief on February 18, 2010, 11-months (more or less) of the 12-month limitation period had expired; however, she will be able to toll limitations throughout the pendency of her state post-conviction proceedings, and, should those proceedings terminate unfavorably, she will have approximately one month (more or less) from the date that the post-conviction application ceases to be properly filed and pending, within which to return to this court to seek federal *habeas corpus* relief of her exhausted claims.

     Third, the petitioner has not shown good cause for her failure to exhaust state court

remedies prior to filing this suit. She claims that she "... has not had an opportunity to fully evaluate her claims due to the fact she has been unable to obtain her mental health records which will support her claims..." [Doc. 1, p. 1] However, she ultimately filed her application for post-conviction relief without having obtained those records and, she does not explain how his circumstance demonstrates good cause for her failure to exhaust state court remedies.

Finally, as noted above, petitioner has yet to pay the $5.00 *habeas* filing fee or to submit a completed *in forma pauperis* application. On March 5, 2010, she was directed to do so and she was given a deadline of April 5, 2010 within which to comply. She was further instructed that her failure to comply with the order would result in the dismissal of this action and the striking of her pleadings. [Doc. 3] Her failure to respond to this Court's Order would alone justify the dismissal of her petition and motion pursuant to the provisions of FRCP Rule 41.[1]

### *Conclusion and Recommendation*

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant Petition for Writ of *Habeas Corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing; and,

**IT IS FURTHER RECOMMENDED THAT** petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance [Doc. 2] be **DENIED.**

---

[1] Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, April 29, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE